IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **DIAMOND STATE INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**RED'S BLUE GOOSE SALOON, INC., and BLAKE EDWARDS,**<br><br>**Defendants.** | Case No. CV-11-145-BLG-RFC<br><br><br><br><br>**ORDER DENYING RED'S BLUE GOOSE SALOON'S MOTION TO DISMISS** |

**I.   INTRODUCTION**

Defendant Red's Blue Goose Saloon, Inc. asks the Court to abstain from hearing this insurance coverage declaratory judgment action because it is duplicative of a lawsuit pending in Montana's Sixth Judicial District Court, Park County. Diamond State opposes the motion. Defendant Blake Edwards has yet to appear. But since the underlying action does not precisely raise the issue of coverage, there is no indication that the coverage question presents novel issues of state law, and the authority for federal courts to hear insurance coverage actions based on diversity jurisdiction is well-founded, the Court will hear the case. Red's motion to dismiss must therefore be denied.

1

## II.  FACTUAL BACKGROUND

The operative Second Amended Complaint in the underlying action alleges that on September 26, 2011, Wyatt Lewis was drinking at Red's Blue Goose Saloon in Gardiner, Montana, where he was served alcohol until he became visibly intoxicated.  Defendant Blake Edwards was working in a managerial capacity and also consuming alcohol.  At some point, Edwards fractured Lewis's eye sockets.

On November 7, 2011, Lewis filed suit against Red's and Edwards.  The First Amended Complaint was filed on November 22, alleging causes of action for negligence, negligent supervision, assault and battery, and negligent and intentional infliction of emotional distress.  On December 9, 2011, Red's Insurer, Plaintiff Diamond State Insurance Company, issued Red's a Reservation of Rights letter, explaining that it would defend Red's and Edwards against Lewis's lawsuit, but that it had no duty to defend or indemnify them.  On the same day, Lewis's counsel sent Diamond State's counsel an email stating his opinion that the duty to defend is significantly broader than the duty to indemnify under Montana law and that litigating the coverage dispute in federal court would provide a "much more level playing field."

Three days later, Lewis filed his Second Amended Complaint, adding Diamond State as a party and alleging that liability in the matter was reasonably

clear and that an insurance claim had been filed.  The Second Amended Complaint also added Count VI, seeking a declaratory judgment that Diamond State should immediately pay Lewis's lost wages because under Montana law, insurance companies must pay damages incurred as a result of injuries when liability is reasonably clear.  Count VI also generally asks that the Court issue a declaratory order as to the legal obligations of Diamond State.

On December 13, 2011, Diamond State filed this action, seeking a declaratory judgment that it has no duty under its policy to defend or indemnify Red's or Edwards with regard to the underlying suit in Park County.  Although Edwards has yet to appear in this action, Red's responded with this motion to dismiss.

### III.  ANALYSIS

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), is deliberately permissive–while it provides the federal district courts the authority to make a declaration of rights, it does not impose a duty to do so.  *Government Employees. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  Since Diamond State satisfies both the constitutional requirement of standing and the statutory requirements for diversity jurisdiction, the issue is whether the Court is satisfied that entertaining the action is appropriate.  *Id.*  The Court's discretion is not

unfettered and it "cannot decline to entertain such an action as a matter of whim or personal disinclination." *Id.* In determining whether to abstain from hearing declaratory judgment actions such as this, district courts consider three non-exhaustive factors: (1) avoiding needless determination of state-law issues, (2) discouraging forum shopping, and (3) avoiding duplicative litigation. *Dizol*, 133 F.3d at 1225.

Needless determination of state-law issues may occur where there are is an ongoing parallel state proceeding regarding the precise state-law issue or where there is a lawsuit with no compelling federal interest, such as a diversity action. *Gonzales v. National Union Fire Ins. of Pittsburgh, PA,* 2011 WL 4899905, * 4 (D.Mont. 2011, slip op.), *citing Keown v. Tudor Ins. Co.,* 621 F.Supp.2d 1025, 1031 (D. Hawaii 2008). Although jurisdiction here is based on diversity of citizenship, this Court, as with all federal courts, routinely handles declaratory judgment actions addressing insurance coverage based on diversity jurisdiction and there is no presumption in favor of abstention in such cases. *Dizol*, 133 F.3d at 1225. There is also no indication that the coverage issues posed in this case are extraordinary.

Defendant's best argument in favor of avoiding a needless determination of a state-law issue is that the proceeding in Park County District Court is a parallel

proceeding involving the same issue. Although the Park County proceeding primarily involves whether Red's and Edwards are liable for Lewis's injuries, Defendants claim the issue of coverage will be decided in Count VI of the underlying action. But while ¶ 50 of Count VI claims the "parties are in dispute as to the legal obligations of Diamond Insurance Company and require the Court to issue a Declaratory Order and Judgment on the issue," the essence of Count VI is a request by Lewis for advance pay on his claim for lost wages. Moreover, to the extent Count VI raises the coverage issue, it is procedurally abnormal for the plaintiff in a personal injury action to sue the defendant's insurer to determine whether the defendant has insurance coverage. Although Red's could seek declaratory judgment against Diamond State in the underlying action, it has not done so. On the other hand, Diamond State chooses to litigate the issue here and has moved the Park County District Court to either dismiss Lewis's claim for advance wages coverage claim or stay the issue until this Court rules on coverage.

In the end, since the underlying action has not precisely raised the coverage issue, determining coverage in this case would not needlessly determine any issue of state law.

As to the second factor, Red's also argues the instant action is a reactive declaratory judgment action constituting blatant forum shopping. Red's cites

Lewis's counsel's email to counsel for Diamond State advising him that Diamond State might fare better in the coverage action in this Court as evidence that Diamond State was forum shopping. But Diamond State makes a reasonable argument Lewis added Count VI to keep this Court from ruling against Red's on the coverage issue. Regardless, it is not improper for an insurance company to bring a diversity action for declaratory judgment against its insured on the issue of coverage. *See Dizol,* 133 F.3d at 1225. A non-resident insurer who properly invokes diversity jurisdiction cannot be labeled a forum shopper merely because the opposing party prefers to litigate in state court. *See Gonzalez*, 2011 WL 4899905 at * 5.

Finally, since the underlying personal injury case in Park County does not precisely raise the issue of coverage, duplicative litigation is not a major concern.

## IV.   ORDER

For those reasons, **IT IS HEREBY ORDERED** that Defendant Red's Blue Goose Saloon's Motion to Dismiss (*doc. 3*) is **DENIED.**

Dated this 23rd day of May, 2012.

>                         */s/ Richard F. Cebull*_____
>                         Richard F. Cebull
>                         United States District Judge

6