IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DIAMOND STATE INSURANCE COMPANY, a corporation, | CV 11-145-BLG-RFC |
| Plaintiff, | |
| vs. | ORDER GRANTING DIAMOND STATE'S MOTION FOR VOLUNTARY DISMISSAL |
| RED's BLUE GOOSE SALOON, Inc., BLAKE EDWARDS, | |
| Defendants. | |

     This declaratory judgment action arose out of an underlying lawsuit brought by a patron of Defendant Red's Blue Goose Saloon who alleged he was assaulted by Defendant Blake Edwards, an employee of Red's. Upon tender of the suit by Red's, Plaintiff Diamond State Insurance Company denied coverage, but agreed to defend Red's under a reservation of rights. Diamond State filed this action seeking a declaratory judgment that it had no duty to defend or indemnify Red's in the underlying action because of a policy exclusion for assault and battery.

1

Unbeknownst to the Court, the underlying action settled on March 15, 2012, with Diamond State and another insurer contributing to the settlement. Counsel for Diamond State then notified counsel for Red's that all underlying claims had been settled, and that Red's should cease work on this declaratory judgment action because it could be dismissed with each party to bear its own fees and costs. But Red's opposed dismissal because it insists Diamond State is responsible for the fees and costs it incurred in defending this unnecessary action.

Pending before the Court is Diamond State's Rule 41(a)(2) Fed.R.Civ.P. motion for voluntary dismissal. Doc. 9. Red's opposes the motion, claiming this declaratory judgment action forced it to incur thousands of dollars in legal fees to ensure it obtained the benefits of its insurance policy and that dismissal will result in legal prejudice to it because it will lose its chance to have this Court hold that Diamond State had a duty to defend and indemnify. Doc. 12. In the alternative, Red's ask the Court to condition Diamond State's voluntary dismissal on payment of costs and fees incurred in defending this action. *See Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 920 (9th Cir. 1987). For the following reasons, the Court concludes Diamond State's motion must be granted and that Red's is not entitled to fees and costs.

Voluntary dismissals of are governed by Rule 41(a) Fed.R.Civ.P., which

provides:

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

First, since neither an answer nor a motion for summary judgment had been filed by Red's when Diamond State moved to dismiss this action, Diamond State could have dismissed this action pursuant to Rule 41(a)(1)(A)(i) by the filing of a notice of dismissal.  Although Red's had previously filed a motion to dismiss (doc. 3), which the Court had already denied (doc. 7), Rule 41(a)(1)(A)(i) expressly

3

requires an answer or a motion for summary judgment before a plaintiff's notice of dismissal becomes insufficient to dismiss a lawsuit. This is due to the Ninth Circuit's literal interpretation of the phrase "before the opposing party serves either an answer or a motion for summary judgment." *Miller v. Reddin,* 422 F.2d 1264, 1266 (9th Cir. 1970); *Hamilton v. Shearson-Lehman American Exp., Inc.,* 813 F.2d 1532, 1534 (9th Cir. 1987). The strict requirement that there be an answer or a motion for summary judgment arises from the purpose of Rule 41(a), which is "to facilitate the voluntary dismissal of an action, but safeguard abuse by limiting its application to an early stage of the proceedings," and the only exception to this literal requirement is where the "merits have been raised or the suit has reached an advanced stage." *Id.* Here, the merits not been raised and this case is in its preliminary stage. Accordingly, since Diamond State could have lawfully terminated this action with only a notice of dismissal, the motion must be granted.

Moreover, even if Rule 41(a)(1) did not weigh in favor of dismissal, Rule 41(a)(2) also allows dismissal of this action. The purpose of Rule 41(a)(2) is to "permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Services of America*, 889 F.2d at 921. The decision to dismiss under Rule 41(a)(2) is left to

4

the sound discretion of the district court and it will not be disturbed on appeal absent an abuse of discretion. *Id.*

Here, it is important to note that Diamond State followed the proper course by reserving its right to deny coverage, paying for Red's defense of the underlying suit, and filing this declaratory judgment action to determine whether there was coverage under its "Assault or Battery" policy exclusion. *See Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.,* 108 P.3d 469 (Mont. 2005). It is also important that Diamond State has not sought recoupment of those costs and, with the help of another insurer, has settled the underlying action. Since Diamond State paid for a defense and settled the underlying claim, it is not clear that a case or a controversy remains for the Court to decide.

It can also be argued that many of the fees and costs incurred by Red's were unnecessary. This case was in its very early stages when Diamond State settled the underlying action in March of 2012. The only significant event that had transpired was the briefing of Red's motion to dismiss (doc. 3), which had little chance of success. *See* doc. 7. In fact, if Red's would have agreed to a dismissal of this suit upon the settlement of the underlying action in March of 2012, the Court's consideration of its motion to dismiss would have been unnecessary and Red's would not have had to draft its answer or expend fees objecting to Diamond

State's voluntary motion to dismiss.

For those reasons, **IT IS HEREBY ORDERED** that Diamond State's Voluntary Motion to Dismiss (doc. 9) is **GRANTED:** this action is **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs and fees.

Dated this 9th day of July, 2012.

>*/s/ Richard F. Cebull*_____
>Richard F. Cebull
>United States District Judge